**Barry SEARCY, Plaintiff–Appellant,**

**v.**

**ADA COUNTY, a political subdivision of the State of Idaho; et al., Defendants–Appellees.**

**Barry Searcy, Plaintiff–Appellant,**

**v.**

**Darla S. Williamson, Judge; et al., Defendants–Appellees.**

Nos. 06–35573, 06–35585.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007.*

Filed June 15, 2007.

Barry Searcy, Boise, ID, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: LEAVY, RYMER, and BEA, Circuit Judges.

### MEMORANDUM **

In these consolidated cases, Idaho state prisoner Barry Searcy appeals pro se from the district court's orders dismissing his 42 U.S.C. § 1983 actions alleging defendants violated his constitutional rights and Idaho state law by failing to bring criminal charges pursuant to Searcy's citizen complaint against the Senior Accountant for the Idaho Department of Corrections ("DOC"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal of an action pursuant to 28 U.S.C. § 1915A, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir.2000), and we affirm.

■ The district court properly dismissed Searcy's claims that defendants violated his right of access to the courts when they concluded his citizen complaint did not provide probable cause to prosecute the DOC accountant under the criminal law. *See Lewis v. Casey*, 518 U.S. 343, 348, 355, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (the impairment of prisoners' capacities to litigate, other than to attack their sentences or challenge the conditions of their confinement, are "simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration").

■ Moreover, Searcy failed to state a cognizable due process claim, where he

** This disposition is not appropriate for publication and is not precedent except as provid-

alleges that a state court judge held a hearing on his citizen complaint before dismissing it. *See Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) ("The fundamental requirement of Due Process is the opportunity to be heard at a meaningful time and in a meaningful manner") (internal quotations omitted).

Because the district court properly dismissed Searcy's federal claims, the court did not abuse its discretion in declining to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3); *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1143 n. 7 (9th Cir.2003).

Searcy's remaining contentions lack merit.

Searcy's motion to substitute parties is denied.

**AFFIRMED.**